CLARA R. SMIT, ESQ.
ATTORNEY AT LAW
100 HORIZON CENTER BLVD
HAMILTON, NJ 08691
(732) 843-6600
ATTORNEY FOR THE PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIA ARRIVELLO, | : |
| | : |
|       Plaintiffs, | : |
| V. | : CIVIL ACTION NO.: |
| | : |
| KENNEDY HEALTH SYSTEM, | : |
| CLEMENTON FAMILY PRACTICE | : COMPLAINT AND JURY DEMAND |
| & AMBULATORY CARE, & | : |
| DR. PRADIP PATEL | : |
| | |
|       Defendant. | : |
| | : |

The Plaintiff, Julia Arrivello, residing at 1600 Laurel Road, Apt. B16, City of Lindenwold, County of Camden, State of New Jersey, files this Complaint, and would respectfully show the Court as follows:

## NATURE OF CASE

1. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. Section 12101 et seq., establishing the most important civil rights for persons with disabilities in our country's history. This action is brought by the plaintiff, Julia Arrivello, against defendant's medical practice and health system, in their failure to provide reasonable accommodations for the plaintiff's disability and for

discrimination based on disability when Plaintiff Julia Arrivello attempted to receive care in defendant's medical office. The plaintiff experienced humiliation and discrimination in violation of her civil rights through Defendant's policies and practices of discrimination on the basis of disability.

2. This action claims that defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq., hereafter NJLAD, the ADA, and Section 504 of the Rehabilitation Act, as well as other state and common law causes of action. In this action, Plaintiff suffered damages and now seeks declaratory and injunctive relief, and compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this court is invoked pursuant to N.J.S.A. 10:-5-1 et. seq,("NJLAD") the Americans with Disabilities Act, Title III, 28 USCS Section 12181 et seq and the Rehabilitation Act, 29 USCS Section 794, Section 504. This suit is authorized and instituted pursuant to the exercise of the police power of the State for the protection of the public safety, health, and morals and to promote the general welfare and fulfillment of the provision to the Constitution of the State of New Jersey and the United States of America guaranteeing civil rights.

## PARTIES

4. Julia Arrivello is a resident of the City of Lindenwold, County of Camden and State of New Jersey. Plaintiff Julia Arrivello is profoundly deaf and communicates through American Sign Language. She requires qualified American Sign Language interpreters, reasonable accommodations/modifications and other auxiliary aids and services to communicate effectively with Defendants and to benefit from Defendant's services. Plaintiff is a qualified person with a disability pursuant to Section 504, the ADA and NJLAD.

5. Defendant, Clementon Family Practice and Ambulatory Care and Defendant Dr. Pradip Patel, are located at 657 Blackwood-Clementon Road , City of Lindenwold, County of Camden and State of New Jersey. It is a public entity

under the ADA and is a recipient of federal financial assistance. Thus, it is subject to the requirements of both the ADA and Section 504.

6. Defendant, Kennedy Health System, is located at 435 Hurffville Cross Keys Road, City of Turnersville, County of Gloucester and State of New Jersey. It is a public entity under the ADA and is a recipient of federal financial assistance. Thus, it is subject to the requirements of both the ADA and Section 504.

## FACTS

6. One of the most important parts of the Americans with Disabilities Act is Title III, known as the "Public Accommodations and Services Operated by Private Entities". 42 U.S.C. Section 12181 et seq.

7. The New Jersey Law Against Discrimination specifically prohibits discrimination based upon disability under 10:5-12.

8. Section 504 of the Rehabilitation Act of 1973, provides that "No otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance".

9. Defendants provides public accommodations within the meaning provided in each of the above laws.

10. As relevant to the present action, discrimination includes a failure to provide appropriate and reasonable auxiliary aids to plaintiff who has a hearing loss to ensure effective communication. 28 C.F.R. Section 36.303(c).

11. Among these aids include a failure to provide interpreters to plaintiff for the care of the plaintiff Julia Arrivello. These aids were requested and denied by the defendants when Plaintiff Julia Arrivello attempted to make an appointment for care multiple times on April 4, 2017 and April 10, 2017 and was told she could not have an appointment because she is deaf.

12. Plaintiff Julia Arrivello attempted to make an appointment with Defendant Dr. Patel at Clementon Family Practice and Ambulatory Care in April 2017 after moving to town. Kennedy Health System lists Clemonton Family Practice

and Ambulatory Care and Dr. Patel as providers affiliated with them. The first time she called the office on April 4, 2017 she was hung up on. She promptly called back and immediately told the receptionist not to hang up on her because she wanted to make an appointment to see the Dr. She was put on hold for a few minutes. Dr. Patel came on the line and Plaintiff told him she was a new patient and needed an interpreter to see him when she has her appointment. Defendant Dr. Patel immediately told her, "sorry deaf are not allowed and my schedule is full." Thus blatantly discriminating against her based on her disability. Shocked and frustrated, Plaintiff, once again called back and informed the front desk that she was very angry about what the Dr. said and that is against the law to discriminate based on her being deaf. She was told the Dr. would call her back. Two hours later the Dr. did call her back and once again gave her a difficult time to schedule the appointment, saying he did not know how to find an interpreter and interrogating her on why she even needed to make an appointment. Finally the Defendant told Plaintiff he would call her back when he could find an interpreter and make her an appointment. Plaintiff waited one week to hear from him and finally called the office back on April 10 to find out if she could now make the appointment. Plaintiff was told that Defendant would call her back and make the appointment. To date, Plaintiff has still not heard from Dr. Pradip Patel.

13. Plaintiff was ignored, humiliated and treated like non-person by defendant. Defendants' actions resulted in plaintiff being denied the medical treatment she required. Instead plaintiff experienced shame, anxiety, frustration, emotional distress, fear and discrimination.

14. Each and all of the above acts, both of omission and commission, were intentional acts of discrimination and each and all were a proximate cause of the damages suffered by plaintiff.

15. Defendant's willful, knowing and repeated acts of intentional discrimination against plaintiff evidences a pattern and practice of discrimination

that is in violation of N.J.S.A. 10:5-4, et seq., the ADA and the Rehabilitation Act and caused plaintiff to suffer and continue to suffer mental pain and anguish.

## CLAIMS

16. Plaintiff realleges and incorporates by reference the allegations of fact contained in the previous paragraphs.

## FIRST COUNT
## DEFENDANTS VIOLATED TITLE III OF THE AMERICANS WITH DISABILITIES ACT

17. Plaintiff's hearing loss substantially limits her major life activities, including her ability to effectively communicate. Therefore, Plaintiff is an individual with a disability under Title III of the ADA. Plaintiff meets the essential eligibility requirements for Defendant's programs, services, and activities at all times material hereto. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 29 USCS Section 794, et seq.

18. Defendant violated Title III of the ADA in numerous ways, including discriminatory actions which occurred when they:

(a) Failed to maintain policies and procedures to ensure compliance with Title III of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

(b) Failed to ensure that communications with Plaintiff were as effective as communications with non-disabled patients;

(c) Failed to provide auxiliary aids and services, including qualified interpreters, and to modify policies and procedures to prevent discrimination against Plaintiff;

(d) Failed to establish effective self-evaluations and/or provide notice of Plaintiff's rights as individuals with a disability under the ADA;

(e) Failed to train staff on how to utilize the video remote interpreting system; and

(f) Excluded Plaintiff from services of the public entity and denied Plaintiff the benefit of these services due to her disability.

19. Plaintiff suffered severe emotional distress and damages in the past, and continue to suffer emotional distress and damages due to Defendants' violations of Title III of the ADA.

## SECOND COUNT
## DEFENDANTS VIOLATED SECTION 504 OF THE REHABILITATION ACT OF 1973

20. Plaintiff is deaf and her disability substantially limits her major life activities, including her ability to effectively communicate with others who do not know sign language. Therefore, Plaintiff is considered to be an individual with disabilities under Section 504, as amended, See 29 U.S.C. §706(8). Plaintiff is otherwise qualified under Section 504 because she meets the essential eligibility requirements for Defendant's services at all times material hereto. Defendants are also a recipient of federal financial assistance.

21. Defendant's policies, practices and procedures, particularly the actions and omissions described above, violated the Plaintiff's rights under Section 504 by discriminating on the basis of disability.

22. Additionally, Defendants also denied Plaintiff services which it made available to non-disabled patients.

23. Defendants violated Plaintiff's rights through repeated refusals to reasonably accommodate Plaintiff with appropriate auxiliary aids and services or to modify policies and procedures to prevent discrimination.

24. Plaintiff suffered severe emotional distress and damages in the past, and continues to suffer distress and damages due to Defendant's violations of Section 504.

## THIRD COUNT
## DEFENDANTS VIOLATED THE NEW JERSEY LAW AGAINST DISCRIMINATION

25. Defendant's conduct is also in violation of the N.J.S.A. 10:5-1, et seq.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against the Defendant, jointly and severally for the following:

26. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's practices, policies and procedures have subjected Plaintiffs to discrimination in violation of Section 504 of the Rehabilitation Act, Title III of the Americans with Disabilities Act, and the New Jersey Law Against Discrimination.

27. Permanently enjoin Defendants from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendants services or which deny Plaintiff communication with Defendants. Enter a permanent injunction ordering Defendants:

A. To cease discrimination against Plaintiff and other deaf or hard of hearing patients;

B. To promulgate and comply with policies and procedures to ensure that Defendants and its staff do not discriminate against individuals who are deaf and hard of hearing;

C. To promulgate and comply with procedures to ensure that Defendants will provide and pay for interpreter services when needed by individuals who are deaf or hard of hearing in all services offered by Defendants;

D. To promulgate and comply with procedures to ensure that Defendants will notify individuals who are deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that Defendants will provide sign language interpreters, Videophones, and other communication services to ensure effective communication with and for deaf or hard of hearing persons.

33. Award compensatory and punitive damages;
34. Award reasonable costs and attorneys' fees; and
35. Award any and all other relief that may be necessary and appropriate.

### JURY DEMAND

28. Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Respectfully submitted,

　　　/s/ Clara R. Smit
CLARA R. SMIT, ESQ.
Attorney for Plaintiff

Dated: July 25, 2017

### CERTIFICATION

Pursuant to Rule 4:5-1, I, Clara R. Smit, certify that I am a member of the firm of Clara R. Smit, attorney for the Plaintiff stated herein. To my information and belief, the matter in controversy is not the subject of any other action pending in any other Court, or of a pending arbitration proceeding and no other action or

arbitration proceeding is being contemplated. At this time, the Plaintiffs know of no other party who should be joined in this action.

/s/ Clara R. Smit
Clara R. Smit, Esq.
Attorney for Plaintiff

Dated: July 25, 2017